Marcus Eugene RELEFORD *v.* STATE of Arkansas

CA CR 97-6                                        954 S.W.2d 295

Court of Appeals of Arkansas
Division IV
Opinion delivered October 29, 1997

*John Joplin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Marcus Eugene Releford, was found guilty by a jury of two counts of aggravated robbery involving victims Jacqueline Schreckhise and Carmelita Echols. Respectively, he was sentenced to consecutive terms of eighteen and ten years in prison. As his two issues on appeal, appellant contends that there is no substantial evidence to support his convictions. We affirm.

■ A person commits robbery if, with the purpose of committing a felony or misdemeanor theft, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102(a) (Repl. 1993). A person commits aggravated robbery if he commits the offense of robbery, as defined above, and he is armed with a deadly weapon. Ark. Code Ann. § 5-12-103(a)(1) (Repl. 1993). The focus of our robbery statutes is placed on the threat of physical harm to the victim as opposed to the taking of property. *Robinson v. State*, 303 Ark. 351, 797 S.W.2d 425 (1990); *Jarrett v. State*, 265 Ark. 662, 580 S.W.2d 460 (1979).

■ The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the jury's verdict. *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996). Substantial evidence is that which is forceful enough to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). In determining whether there is substantial evidence, we review the evidence in the light most favorable to the State, and it is permissible to consider only that evidence which supports the guilty verdict. *Galvin v. State*, 323 Ark. 125, 912 S.W.2d 932 (1996).

Appellant's convictions were based on events that transpired on December 1, 1995, at the Von Hatten's Bakery in Fort Smith,

Arkansas. The record discloses that Ms. Schreckhise, the manager of the bakery, was working alone when appellant and another man, Harvey Johnson, came into the bakery that afternoon. The men ordered an assortment of cookies, doughnuts, a pecan pie, and cinnamon rolls. Meanwhile, Ms. Echols entered the bakery to purchase rye bread. After Ms. Schreckhise had placed the pastries in a white sack, and as she was putting the pie in a box, appellant twice struck her in the head with a metal pipe. Appellant motioned to Johnson, who knocked Ms. Echols to the floor and forcibly snatched her purse. The two then fled the bakery with the pie-box and the sack of baked goods.

Patrolman Monty McMillen was dispatched to search the area for the suspects. He found appellant and Johnson in an outbuilding behind a vacant duplex, eating pie. They ran, but McMillen apprehended appellant after a short chase. Appellant was carrying a backpack, which contained a thick metal pipe about eight inches long. In his pocket, he had thirty-three dollars in cash. McMillen later returned to the outbuilding where he found Ms. Echols's purse, her credit cards and other personal items, a white sack, and a box containing a partially eaten pie. He also found some partially burned papers, including a check bearing Ms. Echols's name.

Appellant gave a statement to the police. In it, he stated that he and Johnson had discussed robbing the bakery because they needed money. Appellant said that he had been in the bakery the day before and felt like it would be an easy target since a woman worked there alone. He said that he found the metal pipe on their walk to the bakery. Appellant admitted striking Ms. Schreckhise, and said that he got scared and grabbed only the food without getting into the cash register. He said that they went through Ms. Echols's purse and that he retained some thirty dollars in cash from it.

Appellant's first argument on appeal is that there is no substantial evidence to support his conviction for aggravated robbery against Ms. Echols. He contends that the evidence is not sufficient because Johnson did not possess a deadly weapon when she was

attacked and because there was no evidence that he used the metal pipe against her in any way. We find no merit in this argument.

■ ■ The jury in this case received an instruction on accomplice liability. An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, encourages, coerces, aids, agrees to aid, or attempts to aid another person in planning or committing an offense. Ark. Code Ann. § 5-2-403 (Repl. 1993); *Banks v. State*, 315 Ark. 666, 869 S.w.2d 700 (1994). Factors relevant in determining whether a person is an accomplice include the presence of the accused near the crime, the accused's opportunity to commit the crime, and association with a person involved in the crime in a manner suggestive of joint participation. *Lanes v. State*, 53 Ark. App. 266, 922 S.W.2d 349 (1996). When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Phillips v. State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986); *see also Crutchfield v. State*, 306 Ark. 97, 812 S.W.2d 459 (1991). A participant cannot disclaim responsibility because he did not personally take part in every act that went to make up the crime as a whole. *Alford v. State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991). Here, the evidence shows that appellant and his accomplice acted in concert to commit this offense and that appellant was armed with a deadly weapon. Under principles of accomplice liability, appellant's culpability is not diminished by the fact that the accomplice was not also in possession of a weapon. We thus cannot say that the conviction is unsupported by substantial evidence.

■ Appellant next argues that there is no substantial evidence to support the conviction involving Ms. Schreckhise. It is his argument that his confession provided the only evidence of his intent to commit a theft and that the confession was not sufficiently corroborated. This argument is based on Ark. Code Ann. § 16-89-111(d) (1987), which provides that a confession, unless made in open court, will not warrant a conviction unless it is accompanied by other proof that the offense was committed. The test of correctness under this statute is not whether there was sufficient evidence to sustain a conviction, but whether there was evidence that such an offense was committed, or, in other words,

proof of the *corpus delicti*. *Johnson v. State*, 298 Ark. 617, 770 S.W.2d 128 (1989). We believe that the testimony demonstrating that appellant did in fact steal the pastries provided ample corroboration of his intent. *See e.g. McQueen v. State*, 283 Ark. 232, 675 S.W.2d 358 (1984).

Affirmed.

BIRD and ROAF, JJ., agree.