COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ABRAHAM CHAVEZ,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-07-00274-CR

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 20060D05823)



 

 

 




O P I N I O N

            Abraham Chavez appeals his conviction of aggravated assault with a deadly weapon. The
trial court revoked Appellant’s deferred adjudication community supervision, adjudicated his guilt,
and assessed his punishment at imprisonment for a term of three years. We affirm.
FACTUAL SUMMARY
            On April 5, 2007, Appellant waived his right to a jury trial and entered a negotiated plea of
guilty. The trial court, in accordance with the plea bargain, placed Appellant on deferred
adjudication for three years. After the probation officer, Caroline Martinez, explained the terms of
probation to Appellant and as he was being led out of the courtroom by the guards, Appellant
gestured to the victim, Rex Waide, by raising his hands while stating, “I’ll be out in three years.” 
Waide, who had obtained a protective order against Appellant, testified Appellant had also mouthed
words to him, including “son of a bitch.” One of the conditions of community supervision
prohibited Appellant from having direct or indirect communication with the victim. The State filed
a motion to adjudicate guilt alleging Appellant had violated this term of community supervision. 
The State also alleged Appellant had violated the probationary terms by committing the offense of
violation of a protective order by this same conduct. Following a hearing, the trial court found
Appellant had violated the terms and conditions of community supervision and adjudicated him
guilty. The court assessed his punishment at imprisonment for a term of ten years. 
ADJUDICATION OF GUILT
            Appellant raises two issues challenging the trial court’s decision to adjudicate his guilt. In
Issue One, Appellant contends that because the State failed to prove its allegations that Appellant
violated the terms of community supervision, the court abused its discretion by granting the State’s
motion to adjudicate.
            The trial court was authorized to revoke Appellant’s deferred adjudication community
supervision and adjudicate his guilt on the original charge if the State proved by a preponderance of
the evidence that Appellant violated any condition of his community supervision. See Tex.Code
Crim.Proc.Ann. art. 42.12 § 5(b)(Vernon Supp.2008); Rickels v. State, 202 S.W.3d 759, 763
(Tex.Crim.App. 2006). We review the trial court’s decision to proceed with an adjudication of guilt
for an abuse of discretion. See Tex.Code Crim.Proc.Ann. art. 42.12 § 5(b)(Vernon Supp.2008)
(determination to proceed with adjudication of guilt on original charge is reviewable in same manner
as order revoking community supervision); Rickels, 202 S.W.3d at 763 (order revoking community
supervision reviewed for abuse of discretion). The trial court does not abuse its discretion if the
order revoking community supervision is supported by a preponderance of the evidence; in other
words, the greater weight of the credible evidence would create a reasonable belief that the defendant
has violated a condition of his probation. Rickels, 202 S.W.3d at 763-64. In conducting our review,
we view the evidence in the light most favorable to the trial court’s ruling. Cardona v. State, 665
S.W.2d 492 (Tex.Crim.App. 1984). We defer to the trial court’s resolution of disputed facts and to
any reasonable inferences which can be drawn from those facts. Cantu v. State, 253 S.W.3d 273,
282 (Tex.Crim.App. 2008).
            The motion to adjudicate alleged Appellant violated the terms of probation by
communicating with the victim, Rex Waide, in the courtroom. The community supervision order
prohibited Appellant from having direct or indirect communication with the victim. The probation
officer testified that she explained the terms and conditions of community supervision to Appellant,
including the prohibition against communicating directly or indirectly with the victim. After she
finished explaining the terms of community supervision to Appellant and he was being led from the
courtroom by the guards, Martinez saw Appellant gesturing at the victim by raising his hands. She
also heard Appellant muttering, “In three years--I’ll be out in three years.” It was clear to her that
Appellant was communicating with Waide. Waide also testified at the hearing on the State’s motion
to adjudicate. He had obtained a protective order against Appellant which was in effect at the time
of the guilty plea. Although Waide had been instructed to avoid contact with Appellant, one of the
attorneys had asked Waide to be present at the guilty plea. Waide remained outside the courtroom
until he was called inside. After the sentencing, Waide observed Appellant mouthing vulgar words
at him. Waide did not understand some of the words because they were Spanish, but he knew
Appellant mouthed the words “son of a bitch.” It was clear to Waide that Appellant was
communicating with him. Dave Contreras, who represented Appellant in connection with the
protective order, testified that Appellant knew and understood the terms of the protective order,
including the requirement that he was not supposed to have any contact with or make any remarks
to Rex Waide and certain members of Waide’s family. 
            Appellant contends the evidence does not show he was communicating with Waide because
it only shows he made “gestures and reactive utterances.” This assertion ignores Martinez’s
testimony that Appellant made the gestures towards the victim while stating he would be out in three
years. Appellant also contends that he could have been directing the words “son of a bitch” toward
the prosecutor or himself. Again, Appellant does not take into account Waide’s testimony that 
Appellant was communicating with him. Appellant also asserts that Waide’s testimony and
Martinez’s testimony conflicts because Martinez did not testify Appellant was mouthing words at
Waide. It was the trial court’s task as the factfinder to assess the credibility of these witnesses and
resolve the conflicts in the evidence. When the evidence is viewed in the light most favorable to the
court’s finding, it is sufficient to prove by a preponderance of the evidence that Appellant
communicated with the victim in violation of the terms and conditions of community supervision. 
Because the evidence is sufficient to support one of the two alleged violations, the trial court did not
abuse its discretion by granting the State’s motion and adjudicating Appellant guilty of aggravated
assault with a deadly weapon. Issue One is overruled.
            In Issue Two, Appellant contends that the trial court abused its discretion by granting the
State’s motion to adjudicate guilt because he had not been released from confinement, and therefore,
was not subject to the terms and conditions of community supervision. A defendant’s probation
cannot be revoked based on acts occurring before he was placed on probation. Ex parte Moffett, 542
S.W.2d 184, 186 (Tex.Crim.App. 1976). When no appeal is taken, the terms of probation begin on
the day of sentencing. Morris v. State, 658 S.W.2d 770, 773 (Tex.App.--Beaumont 1983, no pet.). 
            Appellant directs us to Stultz v. State, 92 Ark.App. 204, 212 S.W.3d 42 (2005) in support of
his argument. There, the defendant pled guilty on March 24, 2004 to conspiracy to deliver
methamphetamine, but she was not sentenced until March 31, 2004. The court sentenced her to
three years in prison with an additional seven-year suspended sentence to begin after she completed
the prison term. Id. at 209. Under Arkansas law, the suspended sentence would not commence until
after the prison sentence had been served. Id. After the entry of the guilty plea, the State filed a
petition to revoke the suspended sentences on the ground that Stultz violated her conditions by
committing several new criminal offenses on the day of sentencing. The trial court revoked Stultz’s
probation and sentenced her to a twenty year term of imprisonment. The Arkansas appellate court
held that the trial court lacked authority to revoke the suspended sentence because it had not yet
commenced when Stultz committed the new offenses. Id.
            Of course, Stultz is not binding upon us. Moreover, it is distinguishable on its facts because
Appellant was not sentenced to a prison term to be followed by a suspended sentence. Appellant has
not cited any Texas authority standing for the proposition that the terms of probation do not become
effective until after he has been processed through the jail and formally released from confinement. 
In fact, Texas law is contrary to his position. The period of community supervision begins on the
day of sentencing because the defendant suffers restrictions upon his freedom that day. Nesbit v.
State, 227 S.W.3d 64, 65 (Tex.Crim.App. 2007). It is undisputed that the trial court orally
pronounced sentence placing Appellant on deferred adjudication community supervision on April 5,
2007. That same date, the trial court signed the order establishing the terms and conditions of
community supervision and the probation officer reviewed those terms and conditions with
Appellant in the courtroom after the guilty plea. Appellant signed below the judge’s signature
indicating he had received the terms and conditions, they had been explained to him, and he
understood them. We conclude that Appellant’s probationary term had commenced when he
committed the acts forming the basis for adjudication of guilt. We overrule Issue Two and affirm
the judgment of the trial court.


December 9, 2009                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Gomez, Judge 
Gomez, Judge, sitting by assignment

(Do Not Publish)