2011 Ark. App. 437
**Kyle DISHMAN, Appellant**
v.
**STATE of Arkansas, Appellee.**
**No. CA CR 11–38.**
Court of Appeals of Arkansas.
June 15, 2011.

William Plunkett Luppen, Little Rock, AR, for appellant.

Dustin McDaniel, Atty. Gen., Ashley Argo Priest, Little Rock, for appellee.

DOUG MARTIN, Judge.

The Pulaski County Circuit Court found appellant Kyle Dishman guilty of possession of cocaine with intent to deliver and sentenced him as an habitual offender to ten years' imprisonment. Pursuant to the State's petition, the trial court also revoked appellant's probation in connection with previous drug convictions, and he was sentenced to serve ten years concurrently with the sentence for possession of cocaine with intent to deliver. Appellant argues on appeal that the trial court erred in denying his motion for directed verdict and further erred in revoking his probation based on his conviction. We find no error and affirm.

On August 10, 2008, Sergeant Bobby Hicks, with the University of Arkansas at Little Rock Police Department, stopped appellant's black Lexus for speeding. When Hicks ran appellant's license with ACIC, it revealed that appellant had an outstanding warrant in Pulaski County. Hicks arrested appellant and handed him off to fellow officer, Matthew Boyd, who searched appellant's person. Boyd testified that he found three cellular telephones attached to appellant's belt and $295 in his shirt pocket. Boyd then placed appellant in the back of his patrol car.

Hicks identified the passenger in appellant's vehicle as Venja Crump. After removing Crump from the vehicle, Hicks proceeded to search appellant's vehicle for inventory purposes. Hicks found a large amount of what appeared to be cocaine shoved between the driver's seat and the center console. Boyd discovered a pair of digital scales in the glove compartment. Boyd testified that Hicks instructed him to

"keep an eye on" Crump. Upon searching Crump's purse, Hicks found $4,973 on top of the remaining contents of her purse. Hicks, however, did not arrest Crump or seize the money she had in her purse even though he testified that he did not believe it was Crump's money, considering she is a hair dresser.

Detective Lawrence Welborn, with the Little Rock Police Department's Narcotics Division, testified that a person who possesses almost an ounce of cocaine is generally a dealer, rather than a user, of drugs. Welborn testified that the street value of the cocaine seized from appellant's vehicle was approximately $850. According to Welborn, it is common practice for those in narcotics trafficking to have more than one cellular telephone and to have scales nearby in their vehicle. Welborn further testified that it is not uncommon for one person to handle the drugs, while another person handles the money, because those trafficking drugs mistakenly believe that the money cannot be seized if there is such an arrangement. Welborn testified that the $4,973 in this case should have been seized.

Christy Williford, a forensics chemist at the Arkansas State Crime Laboratory, testified that the white powder substance seized from appellant's vehicle was 22.4453 grams of cocaine.

Terry Kersey, an employee at the Arkansas Office of Motor Vehicles, testified that the registration and title for the 1992 Lexus that Sergeant Hicks stopped on August 10, 2008, were in appellant's name. Kersey also testified that the records indicate that appellant bought the vehicle on April 12, 2008, and had it registered on July 18, 2008.

At a bench trial held on September 8, 2010, the trial court ruled that appellant constructively possessed the cocaine seized from his vehicle and that, given the amount of cocaine involved, the presumption of intent to deliver applied. The trial court, however, found that the State failed to prove its second count, possession of drug paraphernalia with respect to the scales, because there was no evidence that the scales were used in furtherance of the felony drug offense. Finally, the trial court found that the State had proved the "large habitual allegation," in that appellant was previously convicted of four felonies. The trial court sentenced appellant to ten years' imprisonment.

In its petition for revocation, the State alleged that, on January 30, 2006, appellant entered a negotiated plea of guilty to possession of a controlled substance with intent to deliver (MDMA), possession of a controlled substance (marijuana)—third offense, and possession of drug paraphernalia. Following his guilty plea, appellant was sentenced to five years' probation, ordered to pay a $500 fine and court costs, given one day toward jail credit, ordered to undergo mandatory drug testing and treatment, ordered to perform fifty hours of community service to be completed within six months, and had his driver's license suspended for six months. The State's petition further alleged that appellant violated the terms and conditions of his probation on August 10, 2008, by committing possession of a controlled substance with intent to deliver and possession of drug paraphernalia.

At the probation-revocation hearing, Jimmy Lamon testified that he was appellant's probation officer in 2006. Lamon testified that committing a new offense constituted a violation of appellant's probation. Lamon stated that appellant did not indicate that he did not understand the terms and conditions of his probation. At the conclusion of the revocation hearing, the trial court found that appellant had violated the terms and conditions of his probation and sentenced him to ten years'

imprisonment to be served concurrently with his sentence for possession of cocaine with intent to deliver.

■ On appeal, appellant argues that the trial court erred in denying his motion for directed verdict. A directed-verdict motion is a challenge to the sufficiency of the evidence. *Draper v. State*, 2010 Ark. App. 628, 378 S.W.3d 191. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Garner v. State*, 355 Ark. 82, 131 S.W.3d 734 (2003). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other without resort to speculation or conjecture. *Id.* We view the evidence in the light most favorable to the State, and only evidence supporting the verdict will be considered. *Id.*

It is illegal to possess cocaine with the intent to deliver it. Ark.Code Ann. § 5–64–401(a) (Repl.2005). Possession of one gram of cocaine creates a rebuttable presumption that the person possessed the controlled substance with intent to deliver. Ark.Code Ann. § 5–64–401(d) (Repl.2005).

■ Appellant argues that the State failed to prove constructive possession of the cocaine in that it was not immediately and exclusively accessible to him because Crump had the same access to the cocaine and was the last occupant to exit the vehicle. Appellant contends that the only factor linking him to the cocaine is the fact that he owned the vehicle in which the cocaine was found. He maintains that this circumstantial evidence does not exclude every other reasonable hypothesis of guilt, namely, that Crump alone exercised care, control, and management over the cocaine.

■ This court has consistently held that possession of contraband may be proved by constructive possession, which is the control or right to control the contra-band; thus, it is not necessary for the State to prove actual physical possession of the contraband. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). Further, constructive possession can be implied where the contraband is in the joint control of the accused and another person. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). However, joint occupancy of a car, standing alone, is not sufficient to establish possession or joint possession. *Id.* In order to prove constructive possession of contraband found in an automobile occupied by more than one person, there must be some factor other than joint occupancy linking the accused to the contraband. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003). Those factors include (1) whether the contraband was in plain view; (2) whether contraband was found with the accused's personal effects; (3) whether it was found in, or in proximity to, the side of the vehicle on which the accused was sitting; (4) whether the accused was the owner of the automobile, or exercised dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *McKenzie v. State*, 362 Ark. 257, 208 S.W.3d 173 (2005). Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990).

There are at least two factors linking appellant to the cocaine beyond joint occupancy of the vehicle. Appellant owned the vehicle in question, and the cocaine was found on the same side of the vehicle where appellant was sitting. Hicks offered specific testimony refuting the possibility that Crump exercised care, control, and management over the cocaine and could have put the cocaine next to appellant's seat when he was taken into custody:

A: And also, during that time that I got him out—took him into custody

and turned him over to Officer Boyd, the front of the vehicle, I didn't [lose] sight of it for 15, 20 seconds.

Q: Okay. So you are saying that the passenger didn't have the opportunity to move it; is that what you're saying?

A: Yes, sir.

The credibility of witnesses is an issue for the trier of fact, not the appellate court. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). The fact-finder is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* The fact-finder could have reasonably concluded that Crump did not have an opportunity to move the cocaine because Hicks took measures to prevent that from happening.

Also, there was testimony concerning typical drug-trafficking behavior introduced by Welborn, who has seventeen years' experience working in the narcotics division. First, Welborn testified that it is common for drug dealers to have multiple cellular telephones. Appellant had three cellular telephones attached to his belt. Even though appellant was found not guilty of possessing drug paraphernalia with respect to the digital scales, the scales may nevertheless be considered in connection with appellant's possession-of-cocaine conviction. The digital scales were found in the glove compartment of a vehicle owned by appellant. According to Welborn, it is common in drug trafficking for drug dealers to have scales nearby in their vehicle. Also, with respect to the almost five thousand dollars found in Crump's purse, Welborn testified that it is common for one person to handle the drugs while another person handles the money. The fact-finder could reasonably conclude that the circumstances surrounding appellant's arrest were consistent with drug-trafficking behavior. Viewing this evidence in the light most favorable to the State, we conclude that there is substantial evidence to support appellant's conviction for possession of cocaine with intent to deliver.

Next, appellant argues that, because his revocation was based on his wrongful conviction for possession of cocaine with intent to deliver, his probation revocation should be reversed and dismissed. As previously stated, there was substantial evidence supporting appellant's conviction for possession of cocaine with intent to deliver. Therefore, appellant's conviction stands.

If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation, the court may revoke the probation at any time prior to the expiration of the probationary period. Ark.Code Ann. § 5–4–309(d) (Repl.2006). This court will not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence, and we defer to the trial judge's superior position to determine the credibility of witnesses and to determine the weight to be given to their testimony. *See Richardson v. State*, 85 Ark.App. 347, 157 S.W.3d 536 (2004).

One condition of appellant's probation was that he not violate any law punishable by imprisonment. Clearly, appellant's conviction for possession of cocaine with intent to deliver is an offense punishable by imprisonment. Therefore, the trial court's decision to revoke appellant's probation is not clearly against the preponderance of the evidence.

Affirmed.

ROBBINS and BROWN, JJ., agree.