

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-13-946

| | |
|---|---|
| JAMES ANDREW BOETA<br>APPELLANT | **Opinion Delivered** June 18, 2014 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2011-1123] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BRENT DAVIS, JUDGE |
| | AFFIRMED; MOTION GRANTED |

## DAVID M. GLOVER, Judge

James Boeta pleaded guilty on November 11, 2011, to possession of drug paraphernalia with purpose to use, a Class D felony. He was sentenced to two years' probation; fined $500; ordered to pay a monthly probation fee; and ordered to pay costs and fees at the rate of $50 per month beginning in January 2012. Conditions of his probation included paying all fines, court costs, restitution, and monthly probation fees, as well as reporting to his probation officer as directed. On March 8, 2013, the State filed a petition to revoke Boeta's probation, alleging that he had failed to pay his fines, costs, and fees as directed; failed to report to probation as directed; failed to pay probation fees; failed to notify the sheriff and his probation officer of his current address and employment; and departed from his approved residence without permission. After a hearing, the trial court revoked Boeta's probation on the basis of failure to pay fines, costs, and fees and failure to report to probation as directed. Boeta was

sentenced to three years' imprisonment.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Boeta's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Boeta made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Boeta with a copy of his counsel's brief and notified him of his right to file pro se points, but Boeta has not filed any points.

The sole adverse ruling was the revocation of Boeta's probation. A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Aikens v. State*, 2014 Ark. App. 168. The appellate courts will not reverse a revocation unless the decision is clearly against the preponderance of the evidence, *Denson v. State*, 2012 Ark. App. 105, and deference is given to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005). The State need only show that the defendant committed one violation to sustain a revocation. *Maxwell v. State*, 2010 Ark. App. 822.

Jennifer Miller, Boeta's current probation officer, testified that Boeta had failed to report from November 2012 to March 2013, although she had sent letters directing him to

report and had attempted to perform a home visit. She asserted that she had exhausted her ability to supervise Boeta when she wrote his violation report in March 2013 because she could not get him to report. In his own testimony, Boeta admitted he had not reported, giving the excuse that he had "dirty" urine. Clearly, this testimony is sufficient to support the trial court's finding that Boeta had inexcusably violated the reporting requirement of the terms of his probation. Because there is sufficient evidence to revoke Boeta's probation on this basis, it is unnecessary to discuss Boeta's failure to pay his fine, costs, and fees.

From a review of the record and the brief presented to this court, Boeta's counsel has complied with the requirements of Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Boeta's revocation is affirmed, and counsel's motion to be relieved is granted.

Affirmed; motion to be relieved granted.

WALMSLEY and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.