SLIP OPINION  Cite as 2014 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-13-1093

| | |
|---|---|
| | **Opinion Delivered** September 3, 2014 |
| DESMOND EUGENE ROWE | APPEAL FROM THE CHICOT |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [No. CR-2012-52-1] |
| V. | |
| | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

**LARRY D. VAUGHT, Judge**

On September 16, 2013, Desmond Eugene Rowe's probation was revoked for failure to comply with the conditions of his probation, which included an express provision whereby Rowe agreed to "[n]ot purchase, own, possess, or control any deadly weapons or firearms." After considering the evidence presented at the hearing the trial court found, as the State alleged, that Rowe had violated the terms of his probation by committing a criminal offense that involved the use of a firearm. He was sentenced to seventy-two months in prison and now appeals from that sentence.

A trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. Ark. Code Ann. § 5-4-309(d) (Repl. 2006). The State need only show that the appellant committed one violation in order to sustain a revocation. *Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000). In

probation-revocation proceedings, the State has the burden of proving that appellant violated the terms of his probation, as alleged in the revocation petition, by a preponderance of the evidence, and this court will not reverse the trial court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998). We defer to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence. *Dishman v. State*, 2011 Ark. App. 437, 384 S.W.3d 590. *Craig v. State*, 2010 Ark. App. 309. Furthermore, the rules of evidence do not strictly apply in revocation proceedings. *James v. State*, 2012 Ark. App. 429. Evidence that is insufficient to sustain a conviction may be sufficient to establish a criminal act for purposes of revocation. *Id.*

On appeal, Rowe challenges the evidence supporting the findings of the trial court, arguing that the testimony was insufficient to demonstrate that he had participated in a shooting incident that occurred on March 30, 2013. Specifically, Rowe contends that the testimony of the victim Jermaine Kincade was insufficient to establish that Rowe was a participant in a crime that involved multiple individuals.

At the revocation hearing, Kincade testified that he was driving a vehicle with two passengers on the night of March 30, 2013, when Rowe's brother Marcus Shelton approached the car, pulled out a gun, began firing, and wounded one passenger. According to Kincade, after the initial assault by Shelton, other individuals—including Rowe—began firing guns at the vehicle. Kincade stated that while he sped away from the scene, Shelton was in front of his vehicle firing, while Rowe and the others were firing from behind. Kincade unequivocally stated

that he observed Rowe firing a gun at his vehicle, witnessing the event through the rearview mirror. He also noted that he had known Rowe his entire life and recognized him easily.

The trial court found Kincade to be credible in his testimony. It is well-settled law that the determination of the credibility of eyewitness testimony is a question for the fact-finder. *Hall v. State*, 2010 Ark. App. 717. Therefore, based on the credible testimony of Kincade, the trial court's finding that Rowe violated a term and condition of his probation by discharging a firearm is not clearly against the preponderance of the evidence.

Affirmed.

WALMSLEY and GLOVER, JJ., agree.

*Joseph P. Mazzanti III*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.