SLIP OPINION

Cite as 2014 Ark. App. 639

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-313

| | | |
|---|---|---|
| TYREE BANKS | APPELLANT | Opinion Delivered NOVEMBER 12, 2014 |
| V. | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CR-11-734] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DAVID RAY GOODSON, JUDGE |
| | | AFFIRMED |

**DAVID M. GLOVER, Judge**

In October 2011, appellant Tyree Banks pleaded guilty to forgery and was placed on probation for five years. Conditions of his probation included not committing a criminal offense punishable by imprisonment; not using, selling, distributing, or possessing any controlled substance or associating with any person participating or known to participate in the illegal use, sale, distribution, or possession of controlled substances; paying a probation fee of $35 per month; and paying restitution of $496.10 and $1056 in costs, fees, and fines. Banks was also required to allow his person, residence, motor vehicles, or other property to be searched with or without a search warrant when requested by a law-enforcement officer.

The State filed a petition for revocation in November 2013, alleging that Banks had violated his probation by failing to live a law-abiding life, possessing illegal drugs, and failing to pay fines, costs, and restitution as directed. After a hearing, the trial court found that Banks

had violated the terms of his probation and sentenced him to four years in the community correction center, to be followed by an additional four years' suspended imposition of sentence. Banks now appeals, arguing that the trial court erred in revoking his probation because he presented evidence that he was unable to pay the fees, costs, and restitution, and because the possession charge was not substantiated by a preponderance of the evidence. We affirm.

## Standard of Review

A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Aikens v. State*, 2014 Ark. App. 168. The appellate court will not reverse a revocation unless the decision is clearly against the preponderance of the evidence, *Denson v. State*, 2012 Ark. App. 105, and it defers to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005). The State need only show that the defendant committed one violation to sustain a revocation. *Maxwell v. State*, 2010 Ark. App. 822.

## Failure to Pay Fines, Costs, and Restitution

Banks first argues that the trial court erred in finding that he had violated the terms of his probation by failing to pay fines, costs, and restitution. Where the alleged violation is a failure to make court-ordered payments, it is the State's burden, by a preponderance of the evidence, to prove that the failure to pay was inexcusable. *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008). Once the State introduces evidence of nonpayment, a

SLIP OPINION

defendant then bears the burden of going forward with some reasonable excuse for his failure to pay. *Id*.

The State presented evidence that Banks had made no payments on his obligations. In support of his argument that the trial court erred in revoking him on this basis, Banks points to his testimony that he was unable to pay these monetary amounts due to the reduction in his social security disability check. He also contends that the trial court recognized his inability to pay when it decreased his monthly payments from $50 to $25. However, Banks also testified that at the time he was placed on probation in October 2011, he could have made payments for about a year. Banks's own testimony is sufficient to show by a preponderance of the evidence that he had the ability for a period of time to make some effort toward paying his fines, costs, and restitution when he was placed on probation but did not do so.

*Possession of Illegal Drugs*

While the failure to pay his financial obligations is sufficient to support the revocation of Banks's probation, Banks also argues that the State did not prove that he possessed illegal drugs by a preponderance of the evidence. A search of Banks's apartment was conducted on August 28, 2013, due to information from a confidential informant that drugs were being sold out of the apartment. The search revealed marijuana, two sets of digital scales, baggies, methamphetamine, and one Xanax pill, all of which Banks denied belonged to him. The scales and baggies were found in the kitchen. When officers searched the one bedroom in the apartment, they found a blue plastic tote in the bedroom closet. In that tote, they found

several citations bearing Banks's name, and a black jacket. Inside the jacket pocket, the officer found the illegal drugs. Banks admitted that the jacket belonged to him but denied knowing anything about the contraband found in the jacket. Banks testified that people were in and out of his apartment and that he did not know what was going on in his apartment that night.

On appeal, Banks argues that there was more than one person in his apartment that night (the police even found one man hiding in a closet during the search); that he denied the drugs were his; and that the police did not fingerprint the drugs. Banks further contends that there must be corroborating evidence to uphold a conviction.

Banks is incorrect. In probation-revocation proceedings, the State must prove that the appellant violated a term of his probation, as alleged in the revocation petition, by a preponderance of the evidence. *Rowe v. State*, 2014 Ark. App. 446. Furthermore, the rules of evidence do not strictly apply in revocation proceedings, and evidence that is insufficient to sustain a conviction may be sufficient to establish a criminal act for purposes of revocation. *Id*.

Here, illegal drugs were found in Banks's jacket pocket, in a plastic tote in Banks's bedroom closet. This is sufficient evidence to prove by a preponderance of the evidence that Banks possessed illegal drugs in violation of the terms of his probation.

Affirmed.

VAUGHT and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.