SLIP OPINION

Cite as 2015 Ark. App. 46

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–355

| | |
|---|---|
| | **Opinion Delivered** January 28, 2015 |
| MICHAEL KHANTHAMANY | APPEAL FROM THE SEBASTIAN |
| APPELLANT | COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. CR–10–588] |
| STATE OF ARKANSAS | HONORABLE STEPHEN TABOR, |
| APPELLEE | JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

In March 2011, appellant Michael Khanthamany pleaded guilty to possession of drug paraphernalia and criminal use of a prohibited weapon and received five years' suspended imposition of sentence (SIS). Conditions of his SIS included good behavior and the requirements that appellant not (1) consort or associate with persons of bad character or persons planning or encouraging the violation of any laws, or (2) possess or use marijuana, narcotics, or any other drug or controlled substance prohibited by the controlled-substance law. The State filed a petition to revoke appellant's SIS on July 8, 2013, alleging that he had violated the terms and conditions of his suspended sentence by possessing methamphetamine and marijuana with intent to deliver, by possessing drug paraphernalia, and by associating with known felons or persons of bad character who encouraged violation of the law. Appellant's

SIS was subsequently revoked, and he was sentenced to a total of four years' imprisonment with an additional six years' SIS.[1] Appellant appeals arguing that the State's evidence was insufficient to support the revocation of his SIS. We find no error and affirm.

In order to revoke suspension or probation, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation.[2] The appellate court will not reverse a revocation unless the decision is clearly against the preponderance of the evidence.[3] Deference is given to the trial court's superior position to determine credibility and the weight to be accorded testimony.[4] The State need only show that the defendant committed one violation to sustain a revocation.[5]

Officer Nathan Sosebee of the Fort Smith Police Department testified that he came in contact with appellant while working patrol on May 7, 2013. According to Officer Sosebee, he initiated a traffic stop on a vehicle, in which appellant was the front-seat passenger, because the driver was not wearing a seat belt. He stated that he immediately noticed bandanas hanging on the rear-view mirror and a "large stack of air fresheners." Officer Sosebee testified that the bandanas led him to suspect that the occupants of the vehicle

---

[1]He was sentenced to four years' imprisonment for each charge. He also received six years' SIS for the possession charge and two years' SIS for the prohibited-weapon charge. These sentences were to run concurrent to each other.

[2]Ark. Code Ann. § 16-93-308(d) (Supp. 2013).

[3]*Denson v. State*, 2012 Ark. App. 105.

[4]*Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005).

[5]*Maxwell v. State*, 2010 Ark. App. 822.

were gang members. He also stated that the large presence of air fresheners indicated that drugs might be present because "there's a common misconception with people on the street that tend to sell drugs or narcotics that the more air fresheners they have hanging from the rear view mirror, the easier it will be to throw off a canine." Officer Sosebee said without objection that gang involvement was confirmed by Detective Bollinger with the Street Crimes Unit.[6] One of the vehicle's occupants had an outstanding warrant, so he was placed under arrest. Officer Sosebee stated that his request for permission to search the vehicle was declined, so he called for Officer Boyd to bring his canine to the location. He then asked all the occupants to step out of the vehicle and checked them for weapons. Nothing was found on the occupants. According to Officer Sosebee, when the canine arrived, it immediately alerted on the vehicle. A subsequent search of the vehicle's console revealed a box of zip-lock baggies, a small bag of marijuana residue, a small black digital scale, and several grams of marijuana. A small bag of methamphetamine was found in the rear right-passenger door. Officer Sosebee stated that since no one admitted ownership of the drugs and paraphernalia, all four occupants were charged with constructive possession.

At the conclusion of the hearing, the court found that appellant had violated the terms and conditions of his suspended sentence by associating with persons of bad character who

---

[6]Detective Bollinger heard Officer Sosebee call the occupants' names over the radio and told Officer Sosebee to be careful because those individuals were "known gang members," even though Officer Sosebee had not mentioned his suspicions about gang membership.

encouraged violation of the law, by possessing marijuana with the intent to deliver,[7] and by possessing drug paraphernalia.

Evidence supports the court's finding that appellant violated the terms and conditions of his suspended sentence by associating with persons of bad character who encouraged violation of the law. Appellant was in a vehicle with "known gang members" with drugs and paraphernalia present. Because this violation is sufficient to support appellant's revocation, we do not reach the court's other findings. Accordingly, we affirm.

Affirmed.

KINARD and GRUBER, JJ., agree.

*Aubrey L. Barr*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

[7] Anthony Martinez, another occupant of the vehicle, subsequently claimed ownership of the methamphetamine.