SLIP OPINION

 Cite as 2015 Ark. App. 585

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–456

| | |
|---|---|
| CHRISTINA ATTAWAY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** OCTOBER 21, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2014-371]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

## DAVID M. GLOVER, Judge

In May 2014, Christina Attaway entered a nolo contendere plea to possession of a controlled substance with intent to deliver and was placed on probation for two years. She was assessed a total of $1,145 in fees, fines, and costs, to be paid $50 per month beginning in June 2014, as well as a monthly $35 probation fee. Other conditions of her probation included she obey all laws; refrain from using or possessing any alcoholic beverage, marijuana, narcotic, or any controlled substance or illegal drug or associating with any person who does; report to her probation officer as directed; notify her probation officer and the sheriff of any change of address or employment; and remain in the jurisdiction unless granted permission to move.

In October 2014, the State filed a petition to revoke Attaway's probation, alleging she had failed to pay fines, costs, and fees as directed; failed to report to her probation officer as directed; failed to pay her probation fees; failed to notify the sheriff and her probation officer of her current address and employment; had possessed and used marijuana, cocaine, and

alcohol; had departed from her approved residence without permission; and had departed from the jurisdiction without permission. After a hearing on the State's revocation petition, the trial court found Attaway had violated the conditions of her probation by failing to make any payments on her fines, fees, and costs; by failing to report to her probation officer; and by using alcohol. The trial court revoked Attaway's probation and sentenced her to two years in a regional punishment facility, with an additional four years' suspended imposition of sentence. Attaway now appeals, arguing there is insufficient evidence to find she had inexcusably violated the terms of her probation. We affirm.

A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Aikens v. State*, 2014 Ark. App. 168. The appellate courts will not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Denson v. State*, 2012 Ark. App. 105. Deference is given to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005). The State need only show that the defendant committed one violation to sustain a revocation. *Maxwell v. State*, 2010 Ark. App. 822.

At the revocation hearing, Attaway's probation officer, Chekirby Evans, testified Attaway had only reported on June 2, 2014; Attaway failed to make her appointment on July 8, 2014, but she was in jail that day; Attaway came to her office on August 18 after being released from jail and gave Evans her address; and Evans gave her a new reporting date of August 25, but Attaway did not keep that appointment. Evans testified she sent a letter on

September 9, tried to call Attaway but only got a recording, and went to the address Attaway had given her on September 24, but the man who answered the door told Evans that Attaway had left the week before for Florida. Evans stated Attaway failed to report on October 2 as well.

In her testimony, Attaway admitted she had not reported on August 25, but she denied she had been in Florida, explaining she was staying with a friend in Memphis, and it was a bad situation because there were drugs and alcohol in the house. Attaway stated she did not have any further contact with Evans because she was scared.

Attaway challenges all three bases on which the trial court revoked her probation. However, it is only necessary to address Attaway's failure to report, because one violation is sufficient to sustain a revocation.

On appeal, Attaway argues her failure to report to her probation officer was excusable because she was trying to remove herself from a bad living situation. However, she fails to explain why she was unable to report to or contact her probation officer while she was attempting to improve her living situation. Evans testified that she made numerous attempts to contact Attaway, to no avail. The revocation of Attaway's probation on this basis is not clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Tyler C. Ginn*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., and *Courtnie Holt*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.