

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–581

| | | |
|---|---|---|
| FRED FLEMING | | **Opinion Delivered** JUNE 22, 2016 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CV–2013–251] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## DAVID M. GLOVER, Judge

In January 2014, appellant Fred Fleming entered a negotiated plea of guilty to the offense of delivery of cocaine, a Class C felony. He was given a three-year suspended imposition of sentence. Conditions of his suspended sentence included not violating any laws, paying his fines and court costs, notifying his probation officer and the sheriff of any change of address or employment, and not associating with persons who have been convicted of or committed a crime.

The State filed a petition for revocation of Fleming's suspended sentence in August 2014, alleging Fleming failed to pay his fines, costs, and fees as directed; failed to notify the sheriff of his current address and employment;[1] committed two counts of delivery of cocaine;

---

[1]This basis for revocation was dismissed by the trial court for failure of proof.

and associated with others violating criminal laws.[2]  After a hearing on the revocation petition, the trial court found that Fleming had violated the conditions of his suspended sentence by failing to pay his fines and costs and by committing two counts of delivering cocaine; revoked his suspended sentence; and sentenced him to eighteen months in a community corrections center, to be followed by a three-year suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Fleming's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. This motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Fleming made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal.  The clerk of this court furnished Fleming with a copy of his counsel's brief and notified him of his right to file pro se points; Fleming has not filed points.

The sole adverse ruling was the revocation of Fleming's suspended sentence.  In order to revoke probation or a suspension, the circuit court must find by a preponderance of the evidence the defendant inexcusably violated a condition of that probation or suspension. *Holmes v. State*, 2012 Ark. App. 451.  In a hearing to revoke, the burden is on the State to prove a violation of a condition of the suspended sentence by a preponderance of the evidence. *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005).  The State need only show

---

[2]This basis for revocation was also dismissed by the trial court for failure of proof.

that the defendant committed one violation in order to sustain a revocation. *Banks v. State*, 2014 Ark. App. 639. On appellate review, the trial court's findings are upheld unless they are clearly against the preponderance of the evidence. *Stultz, supra.* Because of the lower burden of proof, evidence that is insufficient to support a criminal conviction may be sufficient for the revocation of a suspended sentence. *Knotts v. State*, 2012 Ark. App. 121. The appellate courts defer to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Stultz, supra.*

There were videotapes supporting each of the two counts against Fleming of delivery of cocaine to a confidential informant. Fleming admitted during his testimony he was the person in the videos selling to the confidential informant what was later determined to be cocaine. This admission by Fleming constitutes sufficient evidence to support the revocation of his suspended sentence. Our review of the record and counsel's brief confirms that he has complied with the requirements of Rule 4–3(k) and that the appeal is wholly without merit.

Affirmed; motion to be relieved granted.

HARRISON and VAUGHT, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

No response.

3