# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–15–801

| | | |
|---|---|---|
| JOSHUA C. KING | | **Opinion Delivered** May 25, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON |
| V. | | COUNTY CIRCUIT COURT |
| | | [NOS. CR13-910 and CR13-940] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARK LINDSAY, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Joshua Caleb King appeals from the revocation of his probation in case nos. CR–2013-910 and CR–2013-940, for which he received a total of twenty years' imprisonment. On appeal, King argues that there was insufficient evidence to support the revocation. We affirm.

On January 15, 2014, King entered a negotiated plea of guilty in case number CR–2013-910 to possession of a controlled substance (psilocybin) with intent to deliver, possession of a controlled substance (marijuana) with intent to deliver, and possession of drug paraphernalia. In case number CR–2013-940, King pled guilty to the offense of failure to appear. He was sentenced to a total of 120 months' probation, and he received a $1000 fine, plus court costs and fees. He was also ordered to serve nine months in the Community Corrections Center (CCC) as a condition of his probation. Other conditions of King's probation required that he not commit a criminal offense punishable by imprisonment; that

SLIP OPINION

he remain on good behavior; that he not drink or possess intoxicating or alcoholic beverages; that he submit to any nonresidential programs deemed necessary by his supervising officer; that he participate in any community-based programs (such as Narcotics Anonymous (NA) or Alcoholics Anonymous (AA)) deemed necessary by his supervising officer; that he pay his fines, fees, and court costs in monthly installments of $100 beginning on February 15, 2014; and that he pay his monthly probation fees.

On March 31, 2015, the State filed a petition to revoke King's probation, alleging that he had failed to remain on good behavior when he committed the new offenses of domestic battery in the third degree and assault on a household or family member on or about November 8, 2014. The State also alleged that King had violated the terms of his probation by using alcohol, by failing to show up for his scheduled substance-abuse assessment, by failing to attend AA or Celebrate Recovery (CR) meetings, and by being in arrears on his court-ordered financial obligations.

At the revocation hearing held on April 6, 2015, King's probation officer, Chrissy Duncan, testified that King had been released from CCC on May 28, 2014, and that his intake appointment was on June 2, 2014. She explained the conditions of his probation to him at that time. Duncan testified that King subsequently violated the conditions by admitting that he had used alcohol in September, October, and November 2014. In addition, although Duncan had ordered King to attend a substance-abuse assessment in order to address his issues with alcohol, he failed to attend the assessment that was scheduled for October 30, 2014. She indicated that King had reported to the probation office on October 30; however,

SLIP OPINION

she was not in the office, and he left without signing in to see the substance-abuse counselor. When Duncan questioned King about missing the assessment, King told her that he had forgotten about it. Duncan had also instructed King to attend two AA and CR meetings per week until he had either obtained full-time employment or undergone the substance-abuse assessment. She stated that King did not attend the meetings as ordered because he indicated that he had social anxiety. Duncan testified that she had rescheduled the substance-abuse assessment for November 24, 2014, but that King was then arrested on new charges on November 8, 2014.

Corporal Andrew Hudgens with the Washington County Sheriff's Office testified that he was dispatched to King's residence on November 8, 2014, for a domestic-disturbance call. Video and audio from Hudgens's patrol car, as well as audio from his body microphone from that night, were played at the hearing over the objection of King. Hudgens testified that King's father, who had called the police, had a busted lip and red marks on his face from his altercation with King. Hudgens stated that King was uncooperative and "appeared to be under the influence of something." King admitted to Hudgens that he had been in a physical fight with his father. Hudgens testified that he determined from his investigation that King was the primary aggressor, and King was arrested and charged with third-degree domestic battery and assault.

Norma Preston, the deputy circuit clerk for Washington County, testified that King was in arrears on his court-ordered fines, fees, and costs. She indicated that he had made two payments of $110 each toward his obligations and that his last payment was on August 6,

2014. Preston stated that the total amount past due was $1,330.

At the conclusion of the hearing, the circuit court found by a preponderance of the evidence that King had violated the terms and conditions of his probation by inexcusably failing to pay his court-ordered financial obligations, by failing to attend AA and CR meetings, by not attending his scheduled substance-abuse assessment, by consuming alcoholic beverages, and by committing the new offenses of domestic battery in the third degree and assault on a family or household member. The court found that all the witnesses who testified for the State were credible. King was sentenced to twenty years' imprisonment for his conviction for possession of psilocybin with intent to deliver, to ten years' imprisonment for the failure-to-appear and possession-of-marijuana-with-intent-to-deliver charges, and to six years' imprisonment on the drug-paraphernalia charge, with all sentences to be served concurrently. The amended sentencing order was entered on April 14, 2015, and King filed a timely notice of appeal from this order.

For his sole point on appeal, King argues that there was insufficient evidence for the circuit court to find that he had violated the terms and conditions of his probation. Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), a trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of his probation. The burden is on the State to prove a violation of a term or condition by a preponderance of the evidence. *Sanders v. State*, 2010 Ark. App. 563. On appeal, the trial court's findings will be upheld unless they are clearly

against the preponderance of the evidence. *Cargill v. State*, 2011 Ark. App. 322. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the trial court's superior position in this regard. *Id*.

The circuit court in this case found that all five violations that were alleged in the State's petition to revoke were proved by a preponderance of the evidence, and, on appeal, King challenges the sufficiency of the evidence supporting each of these violations. However, only one violation of the conditions of probation must be proved to support a revocation. *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190.

Duncan, King's probation officer, testified that she received an anonymous phone call on September 3, 2014, reporting that King had been drinking alcohol. Duncan then called King, and he admitted that he had started drinking again. Furthermore, during his monthly visits with Duncan, King admitted drinking alcohol in September, October, and November 2014.

King argues that there was insufficient evidence to establish that he had used alcohol because Duncan did not witness him drinking. He asserts that she instead relied on the statements of another person who was not present at trial and who was not subject to cross-examination, which he contends violated his right to confront the witnesses against him. However, Duncan did not rely solely on the statements of a third party. To the contrary, King admitted to Duncan on several occasions that he had been consuming alcohol. Despite his admissions, King also argues that Duncan failed to follow the guidelines required by

Arkansas Community Correction (ACC) because she did not memorialize his admission in a document or test him for alcohol use. Because Duncan failed to follow ACC policy, King contends that this court should conclude that he did not abuse alcohol in violation of his probation. He cites no authority, however, to support this proposition, and we do not address arguments unsupported by convincing argument or citation to relevant authority. *Alsbrook v. State*, 2016 Ark. App. 8, 479 S.W.3d 584.

The circuit court found Duncan's testimony regarding King's admissions to be credible, and we defer to the circuit court in this regard. *Cargill, supra.* Furthermore, the circuit court also heard the testimony of Corporal Hudgens, who indicated that King appeared to be under the influence of some substance when he arrested him on November 8, 2014. In addition, the court viewed the video of King from that night. Given this evidence, we cannot say that the circuit court's finding that King violated the conditions of his probation by consuming alcohol was clearly erroneous. Because we conclude that there was sufficient evidence to support the revocation of King's probation based solely on his consumption of alcohol, it is not necessary to address his arguments with regard to the other violations. Accordingly, we affirm the revocation of King's probation.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *Misty Wilson Borkowski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.