

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-3

|  |  |
|---|---|
| SEYOUM A. CLARK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 7, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. CR2011-2097]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Seyoum Clark is appealing the Pulaski County Circuit Court's order revoking his probation. His sole argument on appeal is that, although the State proved that he violated the terms and conditions of his probation, it did not prove that the violations were inexcusable. We affirm.

In 2012, Clark pled guilty to second-degree battery. He was fined $1,000, ordered to pay $5,309.52 in restitution, and sentenced to four years' probation. The restitution was to be paid in monthly installments of $115.

In 2013, the State filed a motion to revoke Clark's probation. Clark pled guilty to the probation revocation. The court accepted his guilty plea and sentenced him to three years and eight months' probation. Clark was ordered to meet with his probation officer monthly, pay $35 per month in supervision fees, pay a $200 fine for the revocation, and pay restitution to the victim as previously ordered.

On June 30, 2014, the State filed a second revocation petition alleging that Clark had failed to pay his fines, fees, and restitution; failed to complete drug treatment; failed to complete community service; and failed to complete anger-management classes. A revocation hearing was held on August 10, 2015, at which the State presented testimony from one witness: Clark's probation officer Chioma Hawkins-Thompson. Clark concedes that the undisputed evidence was that he had failed to make the required payments and failed to meet monthly with his probation officer. Officer Hawkins-Thompson testified that the probationary conditions had been explained to Clark and that Clark had accepted them. The evidence also revealed that Clark had made one restitution payment of $140 in May 2015 but had failed to make any additional restitution payments or make any payments toward his fines and fees. The circuit court revoked his probation and sentenced him to six years' imprisonment.

Clark filed a timely notice of appeal. His only point on appeal is that, while the State proved that he failed to comply with the terms and conditions of his probation, it failed to prove that the violations were "inexcusable." *Costes v. State*, 103 Ark. App. 171, 173, 287 S.W.3d 639, 644 (2008).

Arkansas Code Annotated section 16-93-308(d) (Supp. 2015) authorizes a trial court to revoke a defendant's probation at any time during its pendency if the court finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his probation. *Collins v. State*, 2015 Ark. App. 600, at 2, 474 S.W.3d 531, 533. The State need only prove one violation of the terms and conditions of probation to sustain a revocation. *Id.* Appellate courts will affirm a circuit court's grant of a petition to revoke a

defendant's probation unless the court's findings are clearly against a preponderance of the evidence. *Wilcox v. State*, 99 Ark. App. 220, 222, 258 S.W.3d 785, 787 (2007).

Clark argues that, because the statute requires a finding that the defendant inexcusably violated the terms and conditions of probation, the State was required to prove that Clark's violations were inexcusable. However, we have previously held that once the State introduces evidence of nonpayment, the defendant bears the burden of going forward with some reasonable excuse for his failure to pay:

> Where the alleged violation involves the failure to pay ordered amounts, and the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. The State, however, shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable.

*Collins*, 2015 Ark. App. 600, at 2–3, 474 S.W.3d at 533 (internal citations omitted). Clark failed to present any evidence justifying his failure to pay. Therefore, we affirm the circuit court's revocation of his probation.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Kent C. Krause*, Deputy Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.