

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-548

| | | |
|---|---|---|
| THOMAS KIDWELL | | **Opinion Delivered:** January 18, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-14-112] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JERRY RYAN, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

In January 2015, appellant Thomas Kidwell pleaded guilty to theft of property and received six years' probation subject to various terms and conditions. The State filed a petition to revoke based on several violations of those terms and conditions. Following a hearing, the Polk County Circuit Court revoked Kidwell's probation and sentenced him to serve six years in prison. On appeal, Kidwell asserts that the trial court erred in revoking his probation. We affirm.

## I.     *Revocation Hearing*

The State alleged in its petition that Kidwell had failed to pay fines, costs, and restitution; failed to report as directed; failed to permit an officer to visit his home or place of employment; failed to obtain permission before changing his residence; failed to refrain from using controlled substances; and failed to refrain from using alcohol. At the revocation hearing, Brittany Quinn, Kidwell's probation officer, testified that the terms and conditions

SLIP OPINION

of Kidwell's probation had been explained to him and that he had appeared to understand them.

Quinn further testified that Kidwell had failed to make any payments on his fines, costs, and restitution; however, she acknowledged that he was disabled and that payment of supervision fees had been waived. Quinn testified that Kidwell was instructed to report on Tuesdays and Thursdays for group sessions and to call in for "Color of the Day." She listed several dates on which Kidwell had failed to report as directed. She testified that Kidwell had reported on March 8, 2016—after the State had filed its petition—and was arrested. Quinn further testified that she had been unable to locate Kidwell at the only address he had provided and that she did not know where Kidwell currently lived. Quinn conceded that Kidwell could have lived at the address provided and had simply not been there on the two times she had attempted to visit. Quinn further stated that Kidwell had tested positive for oxycodone and opiates on "multiple" occasions and that he had tested positive for alcohol. She said that, if Kidwell's disability had resulted in back pain, his positive drug tests could be explained, but she noted that the positive tests would be excused only if he had a prescription for those drugs.

At the conclusion of the hearing, the trial court found that Kidwell had "violated more than one of [the conditions] even if you cut him some slack on a couple of things."

## II.     *Standard of Review*

If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation, the court may revoke the probation at any time prior to the expiration of the period of probation. Ark. Code Ann. § 16-93-308(d)

SLIP OPINION

(Repl. 2016). The State need only prove one violation of the terms and conditions of probation to sustain a revocation. *Clark v. State*, 2016 Ark. App. 383. On appeal, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *King v. State*, 2016 Ark. App. 292, 494 S.W.3d 463. Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the trial court's superior position in this regard. *Id.*

III. *Arguments*

Kidwell argues that the trial court erred in determining that he had inexcusably violated a condition of his probation. He states that his failure to pay fines, costs, and restitution should be excused because he was on disability and because supervision fees had been waived. He contends that reporting for group sessions and calling in for "Color of the Day" were not mentioned in the conditions of his probation. He asserts that it was possible that he had lived the entire time at the address he had provided. Finally, he argues that the failed drug tests could have resulted from his use of medication for back pain.

IV. *Discussion*

While reporting for group sessions and calling in for "Color of the Day" were not specifically mentioned in the terms and conditions of Kidwell's probation, he was told to "report to the probation office on a regular schedule or at any time as directed by the probation officer." Quinn's testimony established that Kidwell had failed to report as directed. Also, even if Kidwell had tested positive for controlled substances due to prescribed pain medication, that does not explain why he also tested positive for alcohol. One of the

conditions was that he "refrain from the use or possession of any alcoholic beverage, including beer, wine, and liquors."

Only one violation was necessary, and either of the violations discussed above was sufficient to uphold the revocation of Kidwell's probation. We need not address the other alleged violations. *See King*, *supra*; *Jefferson v. State*, 2015 Ark. App. 509, 470 S.W.3d 687. We thus hold that the trial court's decision to revoke Kidwell's probation was not clearly against a preponderance of the evidence.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Brian Johnson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee