# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–38

| | | |
|---|---|---|
| JESSIE EARL BANEY | | Opinion Delivered: January 18, 2017 |
| | APPELLANT | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT, [NOS. 68CR-12-173, 68CR-12-84, 68CR-13-106] |
| V. | | |
| | | HONORABLE HAROLD S. ERWIN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED |

## KENNETH S. HIXSON, Judge

Jessie Earl Baney has appealed from the revocation of his probation. After the appeal was originally submitted, we ordered supplementation of the record and rebriefing because Mr. Baney's written conditions of probation were not contained in the record or his addendum. *See Baney v. State*, 2016 Ark. App. 405. The record and appellant's addendum have now been supplemented with the written conditions, and the case is ready for decision.

On July 8, 2013, Mr. Baney was convicted of two counts of residential burglary, two counts of theft of property, one count of breaking or entering, and one count of aggravated cruelty to a dog, cat, or horse. Mr. Baney was placed on ten years' probation for each of the burglary and theft convictions, and placed on six years' probation for each remaining conviction. On October 2, 2015, the State filed a petition to revoke appellant's probation, alleging that he violated the conditions of his probation by incurring subsequent felony charges, possessing a firearm, failing to be gainfully employed or enrolled as a student, failing

to seek out a stable residence, and failing to pay fines and costs. After a hearing, the trial court found that Mr. Baney violated his conditions and revoked each of his probations. Upon revocation, the trial court entered an order on October 8, 2015, sentencing appellant to a total of thirty years in prison.

On appeal from his revocation and resulting sentences, Mr. Baney argues that there was insufficient evidence to support the trial court's finding that he violated his conditions of probation. We agree with Mr. Baney's argument, and we reverse.

Pursuant to Arkansas Code Annotated section 16–93–308(d) (Repl. 2016), a trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of his probation. The State has the burden of proving that a condition of probation was violated. *Jones v. State*, 2013 Ark. App. 466. The State need only show that the defendant committed one violation in order to sustain a revocation. *Banks v. State*, 2014 Ark. App. 639. On appellate review, the trial court's findings are upheld unless they are clearly against the preponderance of the evidence. *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005). Because of the lower burden of proof, evidence that is insufficient to support a criminal conviction may be sufficient for the revocation of a suspended sentence. *Knotts v. State*, 2012 Ark. App. 121. The appellate courts defer to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Fleming v. State*, 2016 Ark. App. 340.

James Irvin, appellant's probation officer, testified at the revocation hearing. Mr. Irvin testified that Mr. Baney had been charged with aggravated robbery in a

neighboring county. Mr. Irvin further stated that, although Mr. Baney's probation fees were current, Mr. Baney had failed to pay any fines or restitution.[1] Mr. Baney had also provided no proof of employment. According to Mr. Irvin, Mr. Baney was living in a camper in Mr. Baney's parents' front yard. Mr. Irvin indicated that he had initially accepted this arrangement because Mr. Baney had nowhere else to go, but that he later told Mr. Baney to find a better place to live. Mr. Irvin expressed concern because Mr. Baney was a level four sex offender and there were children living in his parents' house.

Mr. Baney did not testify at the revocation hearing, but his sister-in-law, Andrea Baney, testified on his behalf. Mrs. Baney testified that she lives in Mr. Baney's parents' house. She stated that Mr. Baney has lived in a camper in the front yard since being placed on probation. It was Mrs. Baney's understanding that this had been approved by Mr. Baney's probation officer and that Mr. Baney was allowed to live there as long as they locked the doors at night.

At the conclusion of the revocation hearing the trial court found that Mr. Baney had violated his conditions of probation, making these specific findings:

> The court finds as a matter of fact that he is living in a residence with a level four sex offender[2] that he has refused to move out of. That he has caught a new charge in another county.

---

[1] We note that, although the sentencing order placing Mr. Baney on probation ordered a fine and restitution, his written conditions do not include payment of fines or restitution as conditions of his probation.

[2] Mr. Baney was not living with a level four sex offender; he is a level four sex offender.

SLIP OPINION

Mr. Baney argues that there was insufficient evidence to support the trial court's finding that he violated his conditions of probation, and we agree. The trial court specifically found that Mr. Baney violated his conditions because (1) he refused to move from his current residence, and (2) he was charged with a new crime. However, neither of these findings can sustain the revocation of Mr. Baney's probation.

In the State's revocation petition, it alleged as one of the violations that Mr. Baney had failed to "seek out a stable residence." However, there was no such requirement in Mr. Baney's written probation conditions. The written conditions provided that "[y]ou must notify your supervising officer in advance of any change in your address," and further, that "[p]rior approval from a supervising officer is required for you to change or stay away from your place of residence." In this case Mr. Baney lived in the same place, which had initially been approved by his probation officer, the entire time he was on probation. There is nothing in his conditions requiring him to move to a different, more stable residence if requested by his probation officer. We acknowledge that Mr. Baney's written conditions also required him not to commit another offense punishable by imprisonment. However, the State did not allege, nor did the trial court find, that his current living arrangement, when combined with his level-four sex-offender status, constituted a criminal offense in violation of that condition. Therefore, the trial court's finding that appellant's living arrangement was a violation of his conditions was clearly against the preponderance of the evidence.

The remaining finding by the trial court in support of revocation was that Mr. Baney had been charged with a new crime in another county. However, being charged with a

crime is not in and of itself evidence of committing a crime. In this case appellant's probation officer testified only that Mr. Baney had been charged with aggravated robbery, with no evidence to demonstrate that Mr. Baney had actually committed the crime. Because there was a lack of evidence that this alleged new crime had been committed, the trial court's finding of a violation based on a new charge was clearly against the preponderance of the evidence.

Having concluded that the trial court's findings were clearly against the preponderance of the evidence, we reverse the revocation of appellant's probation and the resulting sentence.

Reversed.

GRUBER, C.J., and VIRDEN, J., agree.

*R.T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.