

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–16–988

| | |
|---|---|
| | **Opinion Delivered** May 31, 2017 |
| ANGELA R. PATTERSON | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 56CR-12-314] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Appellant Angela Patterson appeals the Poinsett County Circuit Court's revocation of her probation, arguing that the sole condition for revocation was not expressly set out in the terms of her probation. We affirm the revocation of her probation.

In October 2013, Patterson pleaded guilty to possession of drug paraphernalia, a Class D felony, and was placed on two years' probation. In February 2015, the State filed a petition to revoke her probation, alleging Patterson had violated the terms of her probation by testing positive for amphetamines on four occasions and marijuana on two occasions and by admitting to using Soma on one occasion; by testing positive for alcohol on two occasions; by failing to report for scheduled probation-office visits on four occasions; and by failing to report for counseling on eight occasions. After a hearing on the petition to revoke, the circuit court revoked Patterson's probation specifically on her failure to report for counseling assessment on February 11, 2015, and sentenced her to two years in a regional

correction facility. Patterson appeals, arguing the circuit court erred in revoking her probation on a condition not expressly set out in the written terms of her probation.

A trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if, by a preponderance of the evidence, it finds the defendant has inexcusably failed to comply with a condition of his or her probation. *Kidwell v. State*, 2017 Ark. App. 4, 511 S.W.3d 341. The State has the burden of proving a condition of probation has been violated; proof of only one violation must be shown to sustain a revocation. *Baney v. State*, 2017 Ark. App. 20, 510 S.W.3d 799. The trial court's findings are affirmed on appellate review unless they are clearly against the preponderance of the evidence. *Id.* The appellate courts defer to the trial court's superior position to determine credibility and the weight to be accorded testimony. *Kidwell*, *supra*.

Patterson argues on appeal, citing *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980), that the probation condition on which the trial court revoked her probation was not in writing and therefore cannot form the basis for revocation. Specifically, Patterson focuses on the allegation in the State's petition for revocation that states, "Condition #15 Program Participation – Patterson failed to report for counseling/assessments on . . . 2/11/2015." Condition 15 in the written terms of Patterson's probation states, "You must participate in, and are obligated for the expense of, any community based programs (such as NA and AA) deemed necessary by any supervising officer." Patterson argues this condition does not expressly state a single absence from a community-based program would equate to the revocable action of failing to participate and therefore cannot form the basis for revocation.

Reviewing the written terms of Patterson's probation, as well as the State's allegation in the petition for revocation, it is clear the State erroneously misnumbered the allegation in which it alleged Patterson failed to report for counseling, as that term of probation is contained in condition 14, which provides, "You must submit to, and are obligated for the expense of, any non-residential rehabilitative, medical, counseling, or psychiatric program deemed necessary by your supervising officer, for such period of time as may be recommended by the treating institution or person." At the revocation hearing, Michael Jones, Patterson's supervising probation officer, testified Patterson was scheduled to report to drug counseling on February 11, 2015, but failed to do so. Patterson offered no reason for missing the February 11 drug-counseling appointment, and it was considered an unexcused absence. Officer Jones's unrebutted testimony supports the trial court's revocation of Patterson's probation based on the State's allegation that she failed to submit to counseling as mandated by the written terms of her probation requiring her to submit to any counseling deemed necessary by her probation officer.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Benjamin W. Bristow*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.