

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-17-444

CRYSTAL BUTLER

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN

APPELLEES

**Opinion Delivered:** October 4, 2017

APPEAL FROM THE UNION COUNTY CIRCUIT COURT
[NO. 70JV-16-192]

HONORABLE EDWIN KEATON, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

## MIKE MURPHY, Judge

Appellant Crystal Butler appeals the March 13, 2017 order of the Union County Circuit Court terminating her parental rights to her nine-month-old twin girls, N.W.1 and N.W.2. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2016), Butler's counsel has filed a no-merit brief and a motion to withdraw alleging that there are no meritorious grounds for appeal. The clerk of this court sent a certified packet to Butler notifying her of her right to file pro se points; Butler has filed no points. After a full examination under the proper standards, we hold that counsel provided a compliant no-merit brief demonstrating that an appeal would be wholly without merit and that counsel's motion to be relieved should be granted.

Crystal Butler was incarcerated in the Arkansas Department of Correction serving a five-year sentence for domestic battery when she gave birth to twin girls on July 26, 2016.

The Arkansas Department of Human Services (DHS) took emergency custody of the children. At the time of removal, five of Butler's other children were already in foster care. An ex parte emergency-custody order was entered on August 8, 2016, and an agreed probable cause order was entered on August 15, 2016. Butler's parental rights to the five children in foster care were also terminated on August 15, 2016. An adjudication hearing regarding the twins was held on October 3, 2016, and an order followed. In the adjudication order, the court found the children to be dependent-neglected and at a substantial risk of harm due to their mother's incarceration and the fact that she had lost custody to her other children. The concurrent goals of adoption, relative placement, and reunification were set.

DHS filed a petition to terminate Butler's parental rights on December 5, 2016, and a hearing was held on February 6, 2017. At the hearing, the court heard testimony first from Carolyn Samuel, the DHS caseworker assigned to the case. She testified about the circumstances surrounding the involuntary termination of Butler's rights to her other children. She explained that, in the prior case, Butler had repeatedly reported that she would be released from prison soon, but that was never the case. She further testified that, even if Butler were released soon, the children would still be at risk for potential harm because Butler has no home or income. She stated that the children were adoptable, and a family had been identified for the children.

Crystal next testified that she was serving a five-year sentence in the Arkansas Department of Correction, and she did not know when she would be released. She admitted that the sentence she was serving was from her guilty plea to a charge of second-degree domestic battery of one of her other children. She said that whenever she is released, she

has a place at Hope House, a transitional-living home, and that she did not believe it was in her twins' best interest for her parental rights to be terminated.

Following closing arguments, the court announced from the bench that it was granting DHS's petition to terminate Butler's parental rights. The corresponding order provided that DHS had proved by clear and convincing evidence that Butler had subjected the children to aggravated circumstances in that there was little likelihood that the services to the family would result in successful reunification given Butler's lengthy history with DHS and the services previously provided and that her parental rights had been terminated to siblings of these children. The trial court found that termination was in the best interest of the twins, considering the likelihood of adoptability and potential harm of returning them to their mother. Butler now appeals.

Termination-of-parental-rights cases are reviewed de novo on appeal. *Woodward v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 91, 513 S.W.3d 284. Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents. *Id.* DHS must prove by clear and convincing evidence that it is in the juvenile's best interest to terminate parental rights, as well as the existence of at least one statutory ground for termination. *Everett v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 541, 506 S.W.3d 287. Clear and convincing evidence is that degree of proof that will produce a firm conviction in the finder of fact regarding the allegation sought to be established; the question that must be answered on appeal, when the burden of proving a disputed fact in equity is by clear and convincing evidence, is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although

there is evidence to support it, the appellate court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Woodward*, *supra*. However, a high degree of deference is given to the trial court, as it is in a far superior position to observe the parties before it and judge the credibility of the witnesses. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001).

In determining the best interest of the juvenile, a trial court must take into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. *Myers v. Ark. Dep't of Human Servs.*, 2011 Ark. 182, 380 S.W.3d 906. Potential harm must be viewed in a forward–looking manner and in broad terms. *Dowdy v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 180, 314 S.W.3d 722. The trial court is not required to find that actual harm would result or to identify a potential harm. *Lee v. Ark. Dep't of Human Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008).

As for grounds to terminate parental rights, the strongest ground relied on by the trial court was the ground that Butler had had her rights involuntarily terminated to the twins' siblings pursuant to Arkansas Code Annotated section 9-27–341(b)(3)(B)(ix)*(a)(4)* (Repl. 2015). Only one ground is necessary for termination to occur. *Draper v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 112, at 15, 389 S.W.3d 58, 66. DHS introduced into evidence, without objection, the order terminating Butler's rights to the twins' five siblings. We affirmed that order in *Butler v. Arkansas Department of Human Services*, 2017 Ark. App.

202. Accordingly, termination was warranted under this ground, and any challenge to this finding would be without merit.

Regarding best interest, there was uncontroverted evidence from the caseworker that the twins were adoptable, and there was already a placement meeting with an adoptive family scheduled to take place pending the outcome of the termination hearing. The court also considered the potential harm of returning the children to Butler's custody. In its order, the court discussed Butler's history of abuse and her current incarceration. It found that there would be a risk of abuse to the twins if returned to Butler. Furthermore, the fact that Butler is currently incarcerated with no concrete idea on when she might get out makes it impossible for the children to be safely returned to her custody and constitutes potential harm, as Butler is unable to provide housing or any stability whatsoever.

Beyond sufficiency of the evidence, there were two arguments made by trial counsel that Butler's appellate counsel addresses in her no-merit brief. The first is that it would be error to rely on the prior-involuntary-termination ground when that termination was still pending on appeal. However, as we previously noted, the order terminating Butler's rights to her other children was a valid order that we affirmed on appeal. *See Butler*, *supra*.

The second argument made by trial counsel was that the court should "just give [Butler] a few months to see if . . . she can get back on her feet," as the children had not even been out of her custody twelve months. However, this court, time and again, has held that a child's need for permanency and stability may override a parent's request for additional time to improve her circumstances. *See, e.g., Fredrick v. Ark. Dep't of Human Servs.*, 2010

Ark. App. 104, 377 S.W.3d 306; *Dozier v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 17, 372 S.W.3d 849.

When the trial court made its termination decision, these very young children had been out of their mother's care their entire lives. And while Butler testified that she might be eligible for parole within a few weeks of the hearing, eligibility does not guarantee that she would actually be paroled. She was serving a five-year sentence, and Samuel testified that, in the previous case, Butler had made repeated claims of soon-to-be release dates that would never arrive. At the time of termination, Butler was incapable of caring for her children and had no concrete timetable for rehabilitation. An argument under this point would be without merit.

After reviewing the record and counsel's brief, we agree with counsel that an appeal from the trial court's decision to terminate Butler's rights would be wholly without merit. We are satisfied counsel has complied with the requirements of *Linker-Flores*, *supra*, and this court's rules, and none of the adverse rulings provide a meritorious basis for reversal.

Affirmed; motion to withdraw granted.

VIRDEN and GLOVER, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

One brief only.