N. MARK KLAPPENBACH, Judge
Appellant Kevin Dunhoo appeals the June 12, 2017 sentencing order of the Poinsett County Circuit Court that revoked his probation. Appellant was charged with committing sexual indecency with a child, and he was placed on a six-year term of probation commencing in July 2013 during which he agreed to abide by certain conditions. The State filed a petition to revoke his probation in March 2017, alleging that appellant had violated conditions concerning (1) failing to notify law enforcement of any change of address and staying away from his residence without prior approval of law enforcement, (2) being untruthful with his probation officer about his internet and phone activities, and (3) failing to pay fines and fees as directed. At the conclusion of the probation-revocation hearing in June 2017, the trial court found that appellant had violated his conditions, revoked his probation, and sentenced him to 68 months in prison. This appeal followed. Appellant argues that the trial court erred in revoking his probation because "the underlying conditions were not present in the original order and the appellant had not willfully left his fines and fees unpaid." We affirm.
Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2016), a trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of his probation. The State has the burden of proving that a condition of probation was violated. Jones v. State , 2013 Ark. App. 466, 2013 WL 4766701. The State need only show that the defendant committed one violation in order to sustain a revocation. Banks v. State , 2014 Ark. App. 639, 2014 WL 5842347. On appellate review, the trial court's findings are upheld unless they are clearly against the preponderance of the evidence. Stultz v. State , 92 Ark. App. 204, 212 S.W.3d 42 (2005). The appellate courts defer to the trial court's superior *722 position to determine credibility and the weight to be accorded testimony. Baney v. State , 2017 Ark. App. 20, 510 S.W.3d 799.
Condition 13 of appellant's conditions of probation required the following of appellant:
You must be gainfully employed or enrolled as a student at all times, pay your share of household expenses, support your legal dependents and pay all court ordered child support. You must notify your supervising officer in advance of any change in your address, employment, education, telephone number or family status. Where circumstances make it impossible to give advance notice, you must give notice as soon as possible. Prior approval from a supervising office is required for you to change or stay away from your place of residence or to quit your employment. (Emphasis added.)
The State alleged in its revocation petition that appellant "stayed away from his approved address without notifying his officer and without changing his address pursuant to his registration requirements."
At the time appellant was placed on probation, the address he listed was his grandmother's. Probation Officer Lakieva Meadows began supervising appellant in May 2016. She testified that she went to appellant's grandmother's house for a home visit,[1] and appellant's grandmother told her that she "put him out," he was "no longer staying there," and "he couldn't stay there because he refused to pay bills." When Meadows made contact with appellant to ask him about this, he told her that he was going back to his grandmother's, but she learned that he subsequently registered the Little Rock address where he was staying, 2811 South Battery Street. Meadows said that appellant had not reported this change to her until she asked him about it.
Testimony from a sheriff's office employee evidenced that appellant failed to pay toward his fines, fees, and costs and was behind. Meadows also provided testimony to show that appellant had been contacting underage females and sending photographs of his genitals to them.
Appellant testified that he was kicked out of his grandmother's house in December 2016. Appellant stated that he moved in with Shelly Williams in Little Rock. Appellant described Williams as a person whom his mother had dated and who looked after him like a "guardian." Appellant admitted that he did not report being kicked out of his grandmother's home before the probation officer visited his grandmother's house. Appellant testified that he had sporadically worked since 2013 but had recently obtained three jobs so that he could now pay what he owed, even though he had only made "small payments here and there" in the past. Appellant admitted that he had sent messages to girls but that this was before he learned that they were underage.
The trial court found appellant to be in violation of the conditions of his probation. The trial court stated from the bench:
[W]hy you had to change addresses and the fact that you had to change addresses is not relevant to this Court..... It was not registering your new address. That was wrong. You didn't register it with probation, and you didn't register it as a sex offender.
The trial court also found that, although it was less concerned about the fines, fees, *723 and costs, it did not believe appellant had done anything toward making money. The trial court found, too, that appellant's behavior on social media made him appear to be "a pervert" and "a perpetrator."
On appeal, appellant argues that the trial court impermissibly revoked his probation regarding Condition 13 on the basis that he failed to register a change of address, which requirement applies to persons convicted of sex offenses. Appellant contends that this was not listed in his written conditions of probation, this would be a "special condition" that was not spelled out, and therefore this would be an unauthorized basis for revoking his probation. Appellant has failed to demonstrate clear error in the trial court's decision to revoke. The trial court specified that revocation was based, at least in part, on the fact that appellant failed to notify his probation officer of his change of address, regardless of whether that change was intended to be temporary or permanent. The record reveals the trial court's displeasure with appellant's failure to register his new address for sex-offender-registry purposes and for probation purposes.
Appellant also takes issue with the lack of evidence of the specific timing of when he left his grandmother's residence and the time that elapsed until he was asked by his probation officer about his change in address. However, appellant admittedly did not give advance notice of any intent to move or stay away from his grandmother's residence, and appellant never requested permission to stay away from his grandmother's residence. Appellant informed the probation officer of his change in residence only after her visit to his grandmother's house[2] and after the probation officer's request for an explanation from him. In sum, appellant did not request prior approval, nor did he provide notice "as soon as possible." The trial court did not clearly err in finding appellant to be in violation of Condition 13 as alleged in the State's petition to revoke.
Because we hold that the trial court did not clearly err in revoking appellant's probation on the basis of the residence-related violation, we need not and do not address the other two bases for revocation alleged by the State.[3] Only one violation is required in order to sustain the decision to revoke probation. See Kidwell v. State , 2017 Ark. App. 4, 511 S.W.3d 341 ; Peals v. State , 2015 Ark. App. 1, 453 S.W.3d 151.
Affirmed.
Glover and Hixson, JJ., agree.

Condition 12 of appellant's conditions of probation required that appellant "report as directed to a supervising officer and permit him or her to visit you in your residence, place of employment, or other property."

The trial court's file included the probation officer's typed violation report, which indicated that Meadows made the visit to appellant's grandmother's home on February 27, 2017. Appellant testified that he was kicked out of his grandmother's house in December 2016.

Condition 16 required appellant to "be truthful in all statements made to any supervising officer or any law enforcement officer." The State had alleged that "Dunhoo has not been truthful about his activities on the internet and via phone." Condition 18 required that appellant pay fines and costs totaling more than $1700 at the rate of $50 per month commencing in August 2013. The State had alleged that "Dunhoo has failed to pay his fines as directed. He owes $1720.00 plus any applicable fees."