Cite as 2019 Ark. App. 547

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-135

| | |
|---|---|
| CHARLES DADE | **Opinion Delivered:** November 20, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | [NOS. 60CR-11-842 & 60CR-13-3200] |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Charles Dade appeals the revocation of his probation by the Pulaski County Circuit Court in cases 60CR-2011-842 and 60CR-2013-3200. The circuit court sentenced Dade to six years' imprisonment in each case and ordered the sentences to run concurrently. Dade's sole point on appeal is that the State failed to prove by a preponderance of the evidence in each case that he inexcusably failed to pay his supervision fees, fines, and court costs. Because Dade fails to challenge other independent, alternative grounds for revocation, we affirm the revocations.

On April 11, 2011, Dade entered a negotiated plea of guilty to domestic battering in the second degree, a Class C felony, in case 60CR-2011-842. Dade was sentenced to five years' probation, and a judgment and disposition order reflecting this disposition was entered on April 18. Conditions of Dade's probation included paying a $1,000 fine, paying court

costs, enrolling in and completing domestic-violence classes within six months, obeying all federal and state laws, reporting to his probation officer, submitting to random drug screens, paying supervision fees, keeping his probation officer apprised of his current address, and remaining in the jurisdiction unless granted permission to leave by his probation officer or the court. On March 10, 2014, Dade entered a negotiated plea of guilty to domestic battering in the third degree in case 60CR-2013-3200. On March 31, a sentencing order was entered sentencing Dade to four years' probation. Conditions of his probation included paying a $1,000 fine, paying court costs, obeying all federal and state laws, reporting to his probation officer, paying probation-supervision fees, submitting to random drug screens, enrolling in and completing anger-management and domestic-violence classes, immediately notifying his probation officer of any change in his address, and remaining in the jurisdiction of the court unless given permission to leave by his probation officer or the court.

On October 6, 2015, the State petitioned to revoke Dade's probation in case 60CR-2011-842, alleging Dade had violated the terms of his probation by failing to report to his probation officer; failing to pay his fines, court costs, and supervision fees; failing to provide his probation officer with his current contact information; and failing to provide his probation officer with proof of completion of domestic-violence classes.[1] The State also filed a petition for revocation in case 60CR-2013-3200 on that day. That petition alleged the same violations to support revocation in 60CR-2013-3200 as were given in the revocation petition in 60CR-2011-842.

---

[1]The State previously filed a revocation petition in 60CR-2011-842 on September 13, 2013, but subsequently nolle prossed the revocation proceedings.

On April 4, 2016, Dade pleaded guilty in both cases to violating the terms of his probation and was sentenced to two years' probation in each case. Terms of Dade's probation included paying fines and costs, reporting to his probation officer, obeying all federal and state laws, submitting to random drug screens, remaining in the court's jurisdiction unless granted permission to leave by the court or his probation officer, and immediately notifying the court and his probation officer of any change in his address.

On July 19, 2017, the State again filed petitions for revocation in both cases.[2] Both petitions alleged Dade had violated the terms of his probation by testing positive for cocaine on March 28 and May 25, 2017; failing to pay supervision fees; failing to pay fines and costs; failing to provide his probation officer with proof of completion of a domestic-violence class; failing to report to his probation officer; and leaving the state without prior approval.

At the revocation hearing, the State called Arthur Hillard, Dade's probation officer. Hillard testified Dade tested positive for cocaine on March 28 and May 25, 2017. He said Dade stopped reporting to him after he tested positive for cocaine on May 25, 2017, and when Hillard went to the address he had been given by Dade, Hillard was informed by Dade's cousin that Dade had moved to St. Louis, Missouri. Hillard acknowledged that he had talked to Dade about transferring his probation to Texas. Hillard testified that he explained to Dade that in order to transfer his probation to another state, Dade had to pay a $100 fee, his supervision fees had to be current, he had to complete forms for interstate compact, and the other state had to accept his probation, but Dade had completed none of

---

[2]The State previously filed revocation petitions in both cases on October 11, 2016, and subsequently nolle prossed the revocation proceedings.

those requirements. Hillard further stated that Dade never provided proof of completion of a domestic-violence class to his office, and Dade failed to pay his supervision fees, fines, and costs.

Dade testified in his own defense. He denied that he had used cocaine. Instead, he contended the positive drug tests were false positives, blaming the results on medications he was taking for injuries he suffered in a 1988 accident. Dade stated that he was on disability but that he had returned to Arkansas in June 2018 and had worked for Wal-Mart for three months in its disability program. He claimed that he completed domestic-violence classes in 2014 and 2015 but not in 2016. Dade asserted that his probation was transferred to Texas, but his probation officer "never sent [him] to nobody," and he did not find it "weird" that he never had a probation officer while he was in Texas. Dade admitted that when he returned to Arkansas in June 2018, he did not report to his probation officer.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if, by a preponderance of the evidence, it finds that the defendant has inexcusably failed to comply with a condition of his or her probation. *Kidwell v. State*, 2017 Ark. App. 4, 511 S.W.3d 341. The State has the burden of proving a condition of probation has been violated; proof of only one violation must be shown to sustain a revocation. *Baney v. State*, 2017 Ark. App. 20, 510 S.W.3d 799. The circuit court's findings are affirmed on appellate review unless they are clearly against the preponderance of the evidence. *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680. The appellate courts defer to the circuit court's superior position to determine credibility and the weight to be accorded testimony. *Kidwell*, *supra*.

4

On appeal, Dade's sole argument is that the circuit court erred in revoking his probation because the State failed to prove by a preponderance of the evidence that he had inexcusably failed to pay those amounts. However, the State also alleged and proved that Dade had tested positive for cocaine on two occasions. When a circuit court bases its decision on multiple, independent grounds, and the appellant challenges only one ground on appeal, this court can affirm the revocation without addressing the merits of the appellant's argument. *Young v. State*, 2018 Ark. App. 517, 563 S.W.3d 599.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.