Cite as 2020 Ark. App. 403

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-123

| | |
|---|---|
| ANTHONY RENO<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 16, 2020<br><br>APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 42BCR-18-5]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Anthony Reno appeals from the order of the Logan County Circuit Court revoking his probation and sentencing him to twelve years' imprisonment. On appeal, Reno argues that there was insufficient evidence to support revocation, that the circuit court erred in refusing to consider alternative sanctions, and that the circuit court erred in admitting into evidence the terms and conditions of his probation. We affirm.

In May 2018, Reno pleaded guilty to residential burglary and was sentenced to ten years' probation. He was incarcerated in the Arkansas Department of Correction (ADC) at the time of his plea. In January 2019, the State filed a petition to revoke Reno's probation. The State alleged that Reno had been released from the ADC in September 2018 but had failed to report to his probation officer, and his whereabouts were unknown. The State also alleged that Reno was delinquent on his supervision fees. Two amended petitions for

revocation were later filed alleging that in addition to the prior violations, Reno was delinquent on his fines and costs and had twice committed the offense of failure to appear.

The revocation hearing was held in December 2019. Probation officer Paul Clifford testified that he and Reno's probation officer, Officer Jones, made contact with Reno at his address in February 2019. Clifford testified that Jones directed Reno to report on March 7, 2019, but Reno never reported. The officers had previously been unable to make contact during a home visit in October 2018. Sara Hight took over as Reno's probation officer on August 6, 2019. She said that he called her on August 15 and asked what he needed to do. Hight said that she told Reno to turn himself in to the Logan County Sheriff's Office because he had a warrant for the petition to revoke. Reno did not turn himself in and never reported to Hight. The State also presented testimony that Reno had failed to make any monthly payments for his costs, fees, and restitution and that he had failed to appear in court in this case in April and October 2019.

Reno testified that after he signed his plea agreement in May 2018, he was taken back to the ADC without filling out probation paperwork or speaking to a probation officer. He claimed that he did not know he needed to report when he was released from prison. Reno said that he had previously been on a year of probation for which he did not have to report or pay fees. Reno testified that Officer Jones did not tell him to report when they spoke at Reno's mother's house. He acknowledged that Officer Hight told him to turn himself in but said that she never told him to report.

2

The circuit court revoked Reno's probation upon finding that he had violated the conditions by failing to report and failing to pay his financial obligations. The court sentenced him to twelve years' imprisonment.

If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her probation, the court may revoke the probation at any time prior to the expiration of the period of probation. *Kidwell v. State*, 2017 Ark. App. 4, 511 S.W.3d 341. The State need only prove one violation of the terms and conditions of probation to sustain a revocation. *Id.* On appeal, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate court defers to the circuit court's superior position in this regard. *Id.*

Reno first argues that his lack of reporting was excusable because there was insufficient evidence that he was ever directed to report. Reno claims that there is no evidence that he was directed to report when he pleaded guilty, when he was released from the ADC, or when he was arrested for violating his probation. He argues that his probation officer did not perform his job as required by statute.

Reno admits that he spoke to his probation officers on at least two occasions, but he claims that he was never directed to report. Officer Clifford, however, testified that Reno was directed to report on March 7, 2019, but failed to do so. Officer Hight testified that Reno was directed to surrender to the sheriff's office on August 15, 2019, but he again failed to do so. Both of these instances occurred before the operable second amended petition to

3

revoke was filed in October 2019. Deferring to the circuit court's superior position on issues of credibility, we conclude that the circuit court did not clearly err in finding that Reno had inexcusably failed to comply with a condition of his probation.

For his second point on appeal, Reno argues that the circuit court erred when it refused to consider sanctioning him pursuant to Arkansas Code Annotated section 16-93-309(a)(4)(A) (Supp. 2019). At the revocation hearing, Reno's counsel argued that the proper remedy for his failure to report was an "Act 423 sanction." The State claimed that Reno was not eligible for such a sanction due to the time that had passed, and the court agreed. Reno now argues that the court was required to consider sanctions and that the statute does not support the court's refusal to do so.

Arkansas Code Annotated section 16–93–309(a) provides that once a defendant is found guilty of violating his probation, the court may (1) continue the period of probation; (2) lengthen the period of probation; (3) increase the fine; (4) impose a period of confinement to be served during the period of probation; or (5) impose any conditions that could have been imposed upon conviction of the original offense. Reno argues that the court was required to consider imposing a period of confinement for up to ninety days as authorized by Arkansas Code Annotated section 16-93-309(a)(4)(B)(i)*(a)* for violations of technical conditions.

The State argues that the plain language of the statute permits the circuit court to impose alternative sanctions in lieu of revocation but neither requires it to impose such sanctions nor to consider them. We agree. The statute provides only that the court "may" impose a period of confinement among other options. Pursuant to Arkansas Code

4

Annotated section 16-93-308(g)(1)(A), if a court revokes a defendant's probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. The court here imposed a sentence of twelve years, which was within the five to twenty-year range for Class B felonies. The circuit court has discretion to set punishment within the statutory range of punishment provided for a particular crime. *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680. Reno has not demonstrated reversible error.

For his last point on appeal, Reno argues that the circuit court erred in admitting into evidence the terms and conditions of his probation. At the hearing, Reno objected to the admission of the sentencing order and conditions of probation "because they do not match." The sentencing order provides that Reno was sentenced to 120 months' probation; the conditions of probation state that he was placed on probation for ten months. The circuit court overruled the objections and stated that the discrepancy was an issue of credibility. Reno now argues that the conditions should not have been admitted because they were not explicit. He cites Arkansas Code Annotated section 5-4-303(e)(2) (Supp. 2019), which provides that when a court places a defendant on probation, the court shall give the defendant "a written statement explicitly setting forth the conditions under which he or she is being released." We agree with the State that the circuit court did not abuse its discretion by admitting conditions that contain a scrivener's error. Reno has provided no authority to support his claim that the alleged failure to explicitly set forth the conditions renders the conditions inadmissible.

Affirmed.

H<span style="font-variant:small-caps">ARRISON</span> and H<span style="font-variant:small-caps">IXSON</span>, JJ., agree.

*Beth Wright*, Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.