Cite as 2024 Ark. App. 351

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-634

| | |
|---|---|
| DUSTIN KAINE SMITH | Opinion Delivered May 29, 2024 |
| APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT |
| V. | [NO. 02CR-20-162] |
| STATE OF ARKANSAS | HONORABLE ROBERT B. GIBSON III, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## STEPHANIE POTTER BARRETT, Judge

On May 18, 2021, the Ashley County Circuit Court placed appellant Dustin Smith on supervised probation for a period of six years for three Class D felony drug offenses. On March 22, 2023, the State filed a petition to revoke Smith's probation, alleging that he had violated his probationary terms by testing positive for methamphetamine, amphetamines, and marijuana on eleven occasions; by failing to enter a drug-rehabilitation program as ordered by his probation officer; and for failing to pay his court costs and fines. After a hearing on May 30, 2023, the circuit court revoked Smith's probation and sentenced him to six years in the Community Correction Center.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1) (2023), Smith's counsel has filed a no-merit brief along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. The clerk of this court

provided Smith with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, but Smith has not filed any pro se points. We affirm the revocation and grant counsel's request to withdraw.

At the revocation hearing, Timothy Sivils, Smith's probation officer, testified that while on probation, Smith had tested positive for various illegal substances on eleven occasions and that Smith had admitted using illegal substances on three other occasions, including the day of the revocation hearing. Sivils explained that in February 2023, Smith had been given two weeks to find a rehabilitation facility, which he had not done, and that Smith was currently twenty-two months behind on his court costs, fines, and fees. The State rested after Sivils's testimony.

Smith testified in his own defense. He disputed being told that he needed to find a rehabilitation facility—he believed his former probation officer's supervisor was going to do that—and he was willing to go to drug treatment. He explained that he had performed community service to pay off his probation fees, but he had not been working, so he did not have sufficient income to pay his court costs and fees. However, he candidly admitted that he has a drug problem and had tested positive for illegal substances on numerous occasions during his probation.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if, by a preponderance of the evidence, it finds that the defendant has inexcusably failed to comply with a condition of his probation. *Kidwell v. State*, 2017 Ark. App. 4, 511 S.W.3d 341. The State has the burden of proving a condition of probation

has been violated; proof of only one violation must be shown to sustain a revocation. *Baney v. State*, 2017 Ark. App. 20, 510 S.W.3d 799. The circuit court's findings are affirmed on appellate review unless they are clearly against the preponderance of the evidence. *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680.

Here, not only did the State present evidence that Smith had violated the terms of his probation by testing positive for illegal drugs on numerous occasions during his probation, Smith also admitted this allegation was true. There is no issue of arguable merit that the circuit court erred in revoking Smith's probation when he admitted that he had violated the terms and conditions of his probation.

The only other adverse ruling during the revocation hearing was the denial of Smith's request that he be allowed to enter a rehabilitation facility rather than be sentenced to six years in the Community Correction Center. The circuit court discussed this request, stating that it did not believe Smith had any motivation to stop using illegal drugs, and it was not going to waste time ordering Smith to a drug-rehabilitation program. Instead, the circuit court sentenced Smith to six years in the Community Correction Center, stating that the only way Smith could get early release was if he chose to work and graduate from a year-long program provided by the Community Correction Center.

The circuit court did not err in sentencing Smith to six years in the Community Correction Center. In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. *Perkins v. State*, 2024 Ark. App. 169, 686 S.W.3d 569. A defendant who is

sentenced within the statutory range—and short of the maximum sentence—cannot establish prejudice. *Id.* The decision to allow alternative sentencing is reviewed for an abuse of discretion, which is a high threshold requiring that a circuit court act improvidently, thoughtlessly, or without due consideration. *Winston v. State*, 2024 Ark. App. 24, 683 S.W.3d 195. The circuit court did not abuse its discretion in denying Smith's request; it clearly considered Smith's bid for alternative sentencing but denied it, stating that sentencing Smith to the Community Correction Center would hopefully motivate Smith to stop using illegal drugs.

From our review of the record and the brief presented to us, we find compliance with Rule 4-3(b); there is no issue of arguable merit to appeal. We affirm the revocation of Smith's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

THYER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.